# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CASE NO. 19-cr-218-01-01 |
|---|---|
| -vs- | JUDGE DRELL |
| DAVID WHITE JR (01) | MAGISTRATE JUDGE PEREZ-MONTES |

## RULING AND ORDER

Before the court is a motion for compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A) filed *pro se* by defendant David White, Jr. ("White" or "Defendant"). (Doc. 34). The government timely filed a response in opposition. (Doc. 40). The motion is accordingly fully briefed and properly before the court for disposition. Having carefully reviewed the record in this case, as well as relevant law and jurisprudence, the court has determined that the motion will be DENIED for the reasons fully explained below.

### I. LAW AND ANALYSIS

The Fifth Circuit has made clear that exhaustion of all administrative rights of appeal is a mandatory claim-processing rule. United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020). After exhaustion of remedies, defendants must show that (1) "extraordinary and compelling reasons" exist, (2) compassionate release is consistent with applicable policy, and (3) the § 3553(a) factors favor release. 18 U.S.C. §3582 (c)(1)(A); United States v. Shkambi, 993 F.3d 388, 392 (5th Cir. 2021).

18 U.S.C. § 3553(a)(5) calls for consideration of pertinent policy statements. U.S.S.G. § 1B1.13, although not binding, is the pertinent policy statement and informative of our decision. Compare Shkambi, 993 F.3d at 393 ("neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.") with United States v. Rivas, 833 F. App'x 556, 558 (5th Cir. 2020) ("Though not dispositive, we are guided in our analysis by the commentary for § 1B1.13, which considers..."), and United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021), cert. denied sub nom. Thompson v. United States, No. 20-7832, 2021 WL 2044647 (U.S. May 24, 2021) ("Although not dispositive, the commentary to [§ 1B1.13] informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release.") (citing Rivas 833 F.App'x at 558). U.S.S.G. § 1B1.13 calls for consideration that the defendant is not a danger to another or the community providing 18 U.S.C. § 3142(g) as an analytical guide. Accordingly, § 3142(g) is informative and considered.

**A. Exhaustion of Remedies**

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as "compassionate release" motions, may be filed at the inmate's request, by the Bureau of Prisons ("BOP"), or by the inmate himself after exhaustion of his administrative remedies. The First Step Act amended § 3582(c) to provide an inmate an avenue to file a compassionate release motion on his own behalf after being denied relief by the BOP. Prior to the First Step Act, an inmate's only avenue to compassionate release was through the filing of a motion on his behalf by the BOP. United States v. Cantu, 423 F.Supp.3d 345, 347 (S.D. Tex. 2019). After the First Step

Act, the Fifth Circuit has made clear that exhaustion of all administrative rights of appeal is a mandatory claim-processing rule. Franco, 973 F.3d at 468. Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when there has been a lapse of thirty (30) or more days from the receipt of such request by the warden of the defendant's facility, whichever is earlier. In each instance, the court will consider the inmate's administrative remedies fully exhausted. 18 U.S.C. §3582(c)(1)(A).

In the case at bar, White neither asserts or presents supporting documentation to show that he has sought administrative relief. The government contends that the Bureau of Prisons ("BOP") has no record of a request for compassionate release from White. Without adequate documentation, BOP affirmation, or government concession on this mandatory claim–processing rule, we are obligated to deny White's motion.

### B. Extraordinary and Compelling Circumstances

Even if we were willing to find that White has exhausted his remedies, he fails to establish extraordinary and compelling circumstances. White claims extraordinary and compelling circumstances exist because of preexisting health conditions place White at an increased risk of severe illness and death from COVID-19. However, White neither named nor presented supporting documentation for any specific health condition. The government's response includes a copy of White's

medical records while incarcerated and those records do not indicate any conditions which would increase the likelihood of severe illness from COVID–19. Further, the no medical issues were presented in the presentence investigation report ("PRS").

Whatever White's medical condition may be, it is uncertain that he is predisposed to COVID–19 in any manner that is "extraordinary" as compared to the "usual" predisposition experienced by the general inmate population. Thompson, 984 F.3d at 434.

In Thompson, the Fifth Circuit reasoned that ...

> it is uncertain that [Thompson] is at a significantly higher risk than is the general inmate population. In fact, nearly half of the adult population in the United States suffers from hypertension. And roughly 12% of Americans suffer from high cholesterol. Thus, we cannot say that either of those conditions makes Thompson's case "extraordinary." Unfortunately, both are commonplace.

Id. (footnote citations omitted). As discussed above, there is no evidence supporting a diagnosis comorbid with COVID–19. Further, White does not show how his risk of severe illness is extraordinary or significantly higher than that of the general inmate population. White's fear of COVID–19 is shared by many, incarcerated or otherwise, and is, therefore, "commonplace." Id. Although the ubiquitous nature of the pandemic has given rise to extraordinary times, our common experience of fear or loss is not extraordinary. Cf. Id. ("Fear of COVID doesn't automatically entitle a prisoner to release.").

To the extent White claims family circumstances give rise to extraordinary and compelling circumstances, we disagree. Incarceration's consequences on families and

loss due to COVID-19 are both "commonplace." Id. The occurrence of both simultaneously does not given rise to extraordinary circumstances.

Accordingly, we do not find that White's circumstance is "extraordinary" as beyond what the general inmate population is usually subjected to in the context of the COVID-19 pandemic.

### C. § 3553(a) and § 3142(g)

The presentence investigation report ("PSR") reflects eight prior convictions for guns, drugs, theft, and domestic abuse, PSR ¶¶ 37–44, and at least four of which were felony gun and drug crimes, PSR ¶¶ 38, 39, 41, 44. 18 U.S.C. § 3553(a)(1); Id. at § 3142(g)(3). Regarding the instant offense, White sold nearly twenty-eight (28) grams of methamphetamine and a gun to an undercover police officer. PSR ¶¶ 10–16; 18 U.S.C. § 3553(a)(1); Id. at § 3142(g)(1). At the time of the instant offense, White was on parole for attempted possession of a firearm by a convicted felon. Id. at § 3142(g)(1), (3)(B). This history is highly suggestive of an increased risk of recidivism. Id. at (4).

White was sentenced to ninety-seven (97) months. At the time of his motion, White has served less than a quarter of his total sentence. See Thompson, 984 F.3d at 434–35, ("The courts that granted compassionate release on [the bases of health concerns] largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns.") (compiling cases); 18 U.S.C. § 3553(a)(2) ("the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant").

Even if we were willing to find that White has exhausted his remedies and presents extraordinary and compelling circumstances, the § 3553(a) and §3142(g) factors do not weigh in favor of release.

## II. Conclusion

For the reasons enumerated above, it is hereby **ORDERED** that 's motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 8th day of June 2021.

**DEE D. DRELL, JUDGE**

**UNITED STATES DISTRICT COURT**